IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv554

| | | |
|---|---|---|
| DANNY MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TREND SETTING DESIGNS, INC.; and | ) | |
| BIG LOTS STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the following pending motions:

(1) plaintiff's Motion to Extend Deadlines (#12);

(2) defendant Trend Setting Designs, Inc.'s Objection and Motion to Strike Plaintiff's Expert Designation (#15);

(3) plaintiff's Amended Motion to Extend Deadlines (#17);

(4) defendant Big Lots Stores, Inc.'s Objection and Motion to Strike Plaintiff's Expert Designation (#19); and

(5) defendant Trend Setting Designs, Inc.'s Objection and Motion to Strike Plaintiff's First Set of Interrogatories and Request for Production to Defendant (#20).

The only response the court has received to any of these motions within the time allowed is the defendants' Joint Objection and Response of Defendants in Opposition to Plaintiff's Amended Motion to Extend Deadlines (#23), filed October 5, 2009.

## I. Background

The Pretrial Order provided a deadline of August 1, 2009, for plaintiff to designate its expert witnesses. Plaintiff designated his sole expert witness on September 10, 2009, and has never served an expert report on defendants.

The Pretrial Order provided a discovery completion deadline of October 1, 2009. Docket Entry #11. The Pretrial Order specifically provided, as follows:

> DISCOVERY COMPLETION: All discovery shall be completed no later than OCTOBER 1, 2009. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

Id., at 3.

Plaintiff's designation of an expert on September 10, 2009, is untimely and is not in compliance with requirement that an expert report be served with the designation. Further, plaintiff's propounding of discovery requests on September 17, 2009, some 14 days from the close of discovery, was not in compliance with the Pretrial Order.

The only information that the court has explaining plaintiff's failure to abide by the Pretrial Order is found in the Memorandum in Support of his Amended Motion to Extend deadlines, wherein counsel for defendant explains as follows:

> Plaintiff served Defendant with a Notice of Expert Designation on

> September 10, 2009 and thereafter filed electronically with the Court on September 11, 2009. No report accompanied that designation.
>
> * * *
>
> Plaintiff has contacted engineers within the community attempting to locate a products liability expert in that field. The undersigned was finally directed to a professor at UNC Asheville who had the requisite qualifications for an expert witness who agreed to undertake a review of the product and to render a report. That expert was first brought to our attention on August 19, 2009. Thereafter co-counsel conferred with the expert and we forwarded photographs of the product to the expert on September 9, 2009. At that time the expert agreed to render an opinion on the Plaintiff's behalf. As soon as this was made known to the undersigned, opposing counsel was notified. Defendants' counsel has objected to this use of this expert.
>
> * * *
>
> The Plaintiff, by its motion, has shown its effort and diligence in attempting to locate an expert and immediate notification to opposing counsel. The day that the contact was made with the expert, defense counsel was notified.

Docket Entry # 18, at 1-2.

## II. Analysis

Modification of a Pretrial Order is governed by Rule 16(b)(4), which provides that the scheduling order can be modified only for good cause shown.

> 'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'

Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir.2002) (quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001)).

The court has attempted to determine whether plaintiff has been diligent in attempting to meet the requirements of the Pretrial Order. Review of the pleadings reveals that plaintiff did not designate his expert until 39 days after the expert

designation deadline, and then did not file his motion to enlarge such deadline until 41 days after the deadline had run. Further review reveals that even when he designated his expert, plaintiff did not serve the mandated expert report on defendants and, based on the scant information provided by plaintiff, still has not done so. See Joint Response, Docket Entry #23, at 3. As to the discovery materials which were not propounded sufficiently in advance of the discovery completion deadline, it would appear that plaintiff waited until discovery was nearly over before he propounded his *first* discovery requests. Thus, based on the timing of propounding such designation and requests, plaintiff has not been diligent in his attempts to comply with the Pretrial Order.

The court has also looked beyond what was done to the reason underlying the non-compliance with the Pretrial Order. The only reason given for the late designation is that "[p]laintiff has contacted engineers within the community attempting to locate a products liability expert in that field," Docket Entry # 18, at 1, and plaintiff was unable to find such an expert. Plaintiff has not, however, provided the court with any copies of correspondence, names of experts it contacted before the August 1, 2009, deadline, or any expert witness locator services contacted. The court notes that a search of the internet would, for example, lead one to a webpage titled "Ergonomics Experts Serving North Carolina"[1] as well as a webpage titled "JurisPro Expert Witness Directory"[2] listing a number of expert witnesses

---

[1] http://expertpages.com/experts.php/ergonomics_north_carolina.htm

[2] http://www.jurispro.com/category/products-liability-s-41/NC

available in North Carolina for products liability actions. Lacking some explanation, it would also be logical to assume that some research, including consulting with a manufacture, design, or ergonomics expert, would be done before bringing a products liability action alleging defective design or manufacture.

Further, plaintiff has failed to respond to the substantive motions filed by defendants herein. Such is a violation of Local Civil Rule 7.1, which requires that responses be filed within 14 days. The court can only conclude that respective counsel for plaintiff is not only ignoring the court's Pretrial Order, they are also not observing the requirements of the Local Civil Rules.

The court must conclude that plaintiff has not diligently pursued discovery in this matter. Even after the missed deadline was recognized by plaintiff, counsel does not appear to grasp that designation of an expert has no meaning if it is not accompanied by an expert report, for the simple reason that defendants's responsive expert would have no idea what faults plaintiff's expert found with defendant's product and the scientific basis for such opinion. The court finds diligence lacking.

Finally, plaintiff has failed to either Reply or file a notice that it does not intend to reply to defendants' Objection and Response of Defendants in Opposition to Plaintiff's Amended Motion to Extend Deadlines.

## III. Conclusion

The undersigned can only conclude that counsel for plaintiff has not been diligent in heeding the Pretrial Order and even after filing a motion seeking remarkable relief from the court, counsel for plaintiff has failed to obey the Local

Civil Rules as to multiple issues. This emphasis on diligence has been recently addressed by Honorable David Keesler, who held:

> To show good cause, the moving party must "show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension." 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* Civ.2d, § 1522.1. The Court must focus on the reasons the movant "has given for his delay instead of the substance of the proposed amendment." <u>Lurie v. Mid-Atlantic Permanente Medical Group, P.C.</u>, --- F.Supp. ----, 2008 WL 5205909 (D.D.C.); and *see, Nourison*, 535 F.3d at 297 (discussing the lack of justification for the tardy filing of a motion to amend).

<u>Remediation Products, Inc. v. Adventus Americas Inc.</u>, 2009 WL 101692, 1 (W.D.N.C. 2009).[3]

Plaintiff has not shown that the reason he failed to meet the deadline imposed by the Pretrial Order was for some reason other than a lack of diligence. That an expert was supposedly not available in the "community" is not a reason to wait until after the period for designating an expert has run to seek an enlargement of time; rather, if plaintiff was having trouble finding an expert, he should have filed a motion seeking an enlargement before the deadline passed. As demonstrated above, experts are not hard to find and there is no "community" limitation on products liability experts as there is in medical malpractice actions. Further, this lack of diligence is also reinforced by plaintiff's further failure to comply with the Local Civil Rules by responding to defendants' substantive and well reasoned motions. Plaintiff is represented by not one but <u>two</u> experienced members of the Bar of this court who

---

[3] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

should be familiar with the Local Civil Rules.

The court cannot find that good cause has been shown and further finds that the plaintiff has failed to respond to defendants motions.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion to Extend Deadlines (#12) is **DENIED** as moot;

(2) defendant Trend Setting Designs, Inc.'s Objection and Motion to Strike Plaintiff's Expert Designation (#15) is **GRANTED** and plaintiff's expert designation is stricken;

(3) plaintiff's Amended Motion to Extend Deadlines (#17) is **DENIED**;

(4) defendant Big Lots Stores, Inc.'s Objection and Motion to Strike Plaintiff's Expert Designation (#19) is **GRANTED** and plaintiff's expert designation is stricken; and

(5) defendant Trend Setting Designs, Inc.'s Objection and Motion to Strike Plaintiff's First Set of Interrogatories and Request for Production to Defendant (#20) is **GRANTED** and plaintiff's First Set of Interrogatories and Request for Production to Defendant is stricken.

Signed: October 29, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge