IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:08cv554

| | |
|---|---|
| DANNY MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **O R D E R** |
| | ) |
| BIG LOTS STORES, INC. and | ) |
| TREND SETTING DESIGNS, INC., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Defendant Trend Setting Designs, Inc.'s Motion for Reduction of Jury Award. [Doc. 65].

The Defendant Trend Setting Designs, Inc. ("Trend Setting") moves the Court for an Order reducing the amount of the jury award and any judgment entered against Trend Setting in this matter by the amount of any monies received by the Plaintiff as a result of his settlement with the Defendant Big Lots Stores, Inc. ("Big Lots"). [Doc. 65]. The Plaintiff opposes the motion, arguing that Trend Setting is not entitled to any setoff in this matter. [Doc. 67].

## I. PROCEDURAL BACKGROUND

On December 29, 2008, the Plaintiff filed his Complaint, alleging that he was injured when he stepped onto an upturned metal rod that served as a leg of a foot stool manufactured by Trend Setting and purchased from Big Lots. In the Complaint, the Plaintiff asserts claims for strict liability, negligence, and breach of warranty against both Defendants.

Big Lots paid the Plaintiff the sum of $16,500.00 in settlement of all claims asserted against it by the Plaintiff. In consideration of this payment, the Plaintiff gave Big Lots a release of all claims. On February 1, 2010, a Stipulation of Dismissal was entered into by Big Lots and the Plaintiff, dismissing Big Lots from the lawsuit. [Doc. 40].

The Plaintiff's case against Trend Setting proceeded to trial. On March 8, 2010, the Court granted Trend Setting's oral motion for a directed verdict as to the Plaintiff's negligence claim, but denied the motion as to the other two claims. On March 9, 2010, the jury returned a verdict, which contained a finding in favor of Trend Setting as to the breach of warranty claim, a finding in favor of the Plaintiff as to the strict liability claim, and a monetary award in favor of the Plaintiff in the amount of $45,556.17. [Doc. 64].

## II. ANALYSIS

The Fourth Circuit has held that state law governs the substantive right to setoff. Atlas Food Systems and Services, Inc. v. Crane Nat'l Vendors Inc., 99 F.3d 587, 596 (4th Cir. 1996). In deciding non-federal questions, federal courts apply the law of the forum state. United States v. Little, 52 F.3d 495, 498 (4th Cir. 1995). Under North Carolina law, rules affecting the substance of a claim are governed by *lex loci*, which in this case leads to the application of Florida law, as Florida law governs the Plaintiff's claims sounding in tort. See Eli Research, Inc. v. United Communications Group, LLC, 312 F.Supp.2d 748, 754 (M.D.N.C. 2004); Boudreau v. Baughman, 322 N.C. 331, 335, 368 S.E.2d 849, 853-54 (1988).

Florida's Uniform Contribution Among Tortfeasors Act provides, in pertinent part, as follows:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one or two or more persons *liable in tort for the same injury* . . . it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater.

3

Fla. Stat. § 768.31(5)(a) (emphasis added). In the present case, the Plaintiff settled its claims for strict liability, negligence, and breach of warranty against Big Lots, and Big Lots paid a total of $16,500.00 for this settlement and release. [Doc. 68-1]. The jury found Trend Setting liable in strict tort liability and found the Plaintiff's damages to be $45,556.17. Because the Defendants' liability in tort arises from the same injury, Trend Setting is entitled to a setoff of $16,500.00 from the jury award pursuant to the Florida contribution statute.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant Trend Setting Designs, Inc.'s Motion for Reduction of Jury Award [Doc. 65] is **ALLOWED**, and the amount of the Judgment entered against Defendant Trend Setting Designs, Inc. contemporaneously herewith shall reflect and does reflect such reduction.

**IT IS SO ORDERED.**

Signed: May 3, 2010

Martin Reidinger
United States District Judge